OPINION of the Court, by
Judge Clark.
This is an action of assault and battery and false imprisonment, brought by the appellee in the Mercer circuit court, to obtain her freedom : plea not .guilty, and issue thereupon. The plaintiff had judgment, from which the defendant appealed to this court. The. plaintiff claimed a right to freedom, by virtue of the last will and testament of Francis Clarke, dec’d. dated the 8th day of June 1796. She %vas devised to Sarah Mahan (wife of the appellant) until the age of twenty-five, and then to be free. The defendant claimed her by virtue of a gift from said Francis Clark, previous to the ex- *33 feeution of the will. It is contended for the appellant, that the court below erred in overruling his motion for ⅛ new trial, as stated in the bill of exceptions, filed in the cause. The motion was made upon the grounds that the verdict of the jury was contrary to law and evidence, and that improper testimony had been admitted. ,
Where there is & ftrong probability that the juftice of the cafe has not beets fairly and fuily tried, or the verdiéfc Í» tíis weight of Evidence, a new trial ought to bg awarded —Acc„ Price /vs. Csck~* ran$
- Whetever there até strong probable grounds to believe that the justice of the cause has not been fairly and folly, tried, or that the verdict is clearly contrary tt> the evidence, a new trial ought to be awarded. The weight of testimony in this cause is clearly against the finding of the jury; arid though in doubtful cases we may presume in favor of liberty, we cannot indulge it in a cause where the testimony is as clear and decidedly opposed to the verdict as in this. Francis Clark, eight or nine years before his death, and about five before the execution óf his will, gave the plaintiff Jane to his daughter Sarah Mahan, wife of the defendant, in whose possession and under whose control she remained until the commencement of this suit. He frequently declared, during that period, he had made the donation, and never intended to take her back.
A gift of a slave, accompanied with the actual possession, vests in the donee an absolute property, unlesá it be done with an intention of fraud, no trace of which appears in this transaction. The evidence on the part of Jane is hot sufficient to shew that the donation was conditional, or that any reservation or limitation was made ip the property. The declarations of Clark, both béforte and after the gift, (which probably had an undue weight on the minds of the jury) that he intended to liberate his young slaves at his death, does not change the nature of Mahan’s right; they were ineffectual to vest a right to freedom, and might or might not be carried into execution, as his feelings should influence, but could by no means restrain his power to dispose of them before his intention to emancipate was perfected. From the whole case, as it appears in the record, we are decidedly of an opinion the court below erred in overruling the defendant’s motion for a new trial.
Judgment reversed, and cause remanded for a new trial.